11th Court of Appeals









11th Court of Appeals

Eastland, Texas

Opinion

 

 



Toby
Wade Beyer 

Appellant

Vs.                   No.
11-02-00323-CR B
Appeal from Erath County

State
of Texas  

Appellee

 

Appellant pleaded guilty to the first degree
felony offense of the manufacture of methamphetamine.  The jury assessed punishment at 20 years
confinement and found that appellant used or exhibited a deadly weapon during
the commission of the offense.  The trial
court entered a deadly weapon finding in its judgment.  See TEX. CODE CRIM. PRO. ANN. art.
42.12, ' 3g(a)(2)
(Vernon Supp. 2003).  We affirm.

In his sole point of error, appellant complains
that the evidence was insufficient to support the jury=s
finding that he used or exhibited a deadly weapon in the commission of the
offense.  To determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 
To determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak as to render the conviction clearly wrong and
manifestly unjust or whether the evidence supporting guilt, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain
v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922
S.W.2d 126 (Tex.Cr.App.1996).








The Court of Criminal Appeals has defined the
terms Ause@ and Aexhibit@ as they are used in Article 42.12,
section 3g(a)(2).  Gale v. State,
998 S.W.2d 221, 225 (Tex.Cr.App.1999); Patterson v. State, 769 S.W.2d
938, 941 (Tex.Cr.App.1989).  The Ause@
of a deadly weapon during the commission of a felony offense extends to any
employment of a deadly weapon, even its simple possession, if such possession
facilitated the associated felony.  Patterson
v. State, supra.  A defendant=s use of a deadly weapon in the sense
of protecting and facilitating his possession of a controlled substance
constitutes Ause@ of a deadly weapon under Article
42.12, section 3g(a)(2).  Gale v.
State, supra; Patterson v. State, supra.

In this case, the evidence showed that law
enforcement officers searched appellant=s
residence, pursuant to a search warrant, on December 12, 2001.  Investigator Gerald Wayne Rogers of the
S.T.O.P. Narcotics Task Force participated in the search.   Investigator Rogers testified that, other
than the officers, appellant was the only person present at the residence
during the search.  The officers
discovered methamphetamine during the search. 
They also discovered a working methamphetamine laboratory in the
residence and ingredients necessary to manufacture methamphetamine. 








Investigator Rogers said that appellant=s residence was equipped with
surveillance equipment.  The officers saw
their vehicles on the surveillance television in the living room to the left of
the front door.  The officers found a
loaded sawed-off double-barreled shotgun on a couch that was near the
television.  Investigator Rogers said
that a person sitting on the couch could watch the surveillance on the
television and be ready to shoot the shotgun if anybody came in the front
door.  Investigator Rogers testified
that, in his experience, individuals who are involved in manufacturing
methamphetamine are generally well armed. 
Investigator Rogers said that the shotgun was a deadly weapon that was
used in the commission of the offense of manufacturing the
methamphetamine.               Appellant does not deny that the
shotgun was a deadly weapon or that he was in possession of it.  Rather, he argues that there was no evidence
to support the jury=s finding
that his possession of the shotgun facilitated the associated felony of
manufacturing methamphetamine.  We
disagree.  Based on the evidence, a
rational trier of fact could find that the shotgun facilitated appellant=s offense of manufacturing.  The officers found the loaded shotgun on the
couch near the surveillance television. 
The evidence was legally and factually sufficient to establish that
appellant Aused@ the shotgun in the sense that it
protected and facilitated his manufacturing of the methamphetamine. Gale v.
State, supra; Patterson v. State, supra.  Appellant=s
sole point of error is overruled.

The judgment of the trial court is affirmed.                

 

TERRY McCALL

JUSTICE

 

November 6, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.